UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD DAVIDSON,

                Plaintiff,

      -vs-                                    97-CV-00389C

JAMES CONWAY, et al.,

                Defendants.

---

Plaintiff Ronald Davidson has filed an "Affidavit In Support of Motion for Reconsideration Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure" (Item 146), in which he asks the court to vacate its decision and order November 7, 2006 (Item 143) granting summary judgment in favor of defendants and dismissing the complaint. Plaintiff has also submitted a letter dated November 23, 2006 (Item 145) as an "addendum" to his motion for reconsideration. Plaintiff contends that the court erred by refusing to grant him an extension of time to submit his opposition to the motion for summary judgment, in light of his recuperation from prostate surgery which took place in August 2006.

Under Rule 60(b), relief from a final judgment or order may only be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The overall standard for granting a motion for reconsideration is strict, and the motion will generally will be denied "unless the moving party can point to

controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration "is not a substitute for appeal," *Morales v. Quintiles Transnat'l Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998), and the court should not reconsider its prior ruling "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Indeed, the Second Circuit has long held that since reconsideration of a final judgment or order is "extraordinary judicial relief," *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986), it is "appropriate only in cases presenting extraordinary circumstances . . . ." *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989), *quoted in Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001).

As the court explained in its November 7, 2006 decision and order, this action was filed more than nine years ago, and defendant's summary judgment motion was filed over a year ago. After the motion was filed, the court granted plaintiff several extensions of time within which to file a response (*see* Items 134, 136 and 139). In its order dated July 30, 2006 (Item 139), the court not only reminded plaintiff of the requirements for responding to a summary judgment motion, but also advised plaintiff that the matter would be finally deemed submitted for decision as of September 21, 2006 – whether or not any response to the motion was filed – and that no further extensions would be granted (*id.*).

In the face of these explicit warnings, plaintiff submitted nothing in response to the motion for summary judgment. Instead, he requested that the case be placed on the

court's suspense docket due to his inability to meet litigation deadlines as a consequence of his medical condition following the August 2006 surgery. The court denied this request (*see* Item 142; Item 143, n. 1), finding no reason to dely its ruling any further in light of the record developed over the long pendency of the action.

The analysis and reasoning set forth the court's November 7, 2006 decision and order amply demonstrates that defendants are entitled to summary judgment dismissing each and every claim in the complaint, and nothing contained in plaintiff's recent submissions indicates the likelihood that granting his request for additional time will bring to light any matters that might reasonably be expected to alter this conclusion. Accordingly, plaintiff's motion for reconsideration (Item 146) is denied.

So ordered.

\s\ John T. Curtin  
JOHN T. CURTIN  
United States District Judge

Dated:   December 12   , 2006  
p:\davidson\97-389.dec11.06